## H. L. Thompson, Appellant, v. John Sprague, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action of forcible detainer by H. L. Thompson, plaintiff, against John Sprague, defendant. From a judgment for defendant, plaintiff appeals.

The plaintiff's grantor having leased a farm to the defendant for a term of one year, which later became a tenancy from year to year by defendant's holding over, transferred his interest to the plaintiff who, in turn, leased the premises back to him, the defendant still treating the grantor as his landlord and being ignorant of the conveyance and lease. After the expiration of the lease the plaintiff brought this action for the possession of the property.

JAMES B. LEWIS and JOHN L. THOMPSON, for appellant.

W. F. SCOTT, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 4*—*when subtenancy not created.* A tenancy cannot be changed into a subtenancy by the execution by the landlord's grantee to the landlord of a lease of which the tenant has no knowledge.

2. FORCIBLE ENTRY AND DETAINER, § 71*—*what purchaser of interest of landlord must. prove to maintain action against tenant.* In an action of forcible detainer against a tenant lawfully in possession at the time of the plaintiff's acquisition of the landlord's interest in the premises, the plaintiff must show affirmatively not only his acquisition of title but, further, that the tenant's rights under and by virtue of the tenancy have terminated.

3. FORCIBLE ENTRY AND DETAINER, § 32*—*what notice must be given tenant from year to year.* A tenant from year to year is entitled to sixty days' notice to terminate his tenancy before an action of forcible detainer can be maintained against him.

4. INSTRUCTIONS, § 10*—*when giving large number improper.* The practice of submitting large numbers of instructions upon simple issues is to be condemned as tending to confuse rather than to aid the jury in their deliberations.

5. JUDGMENT, § 270*—*when court may amend record of nunc pro tunc.* The court may on motion made after the expiration of the term at which a judgment is rendered correct the record thereof *nunc pro tunc.*

6. FORCIBLE ENTRY AND DETAINER, § 11*—*when owner executing lease may not maintain action.* An owner of property, having executed a lease thereof under which the lessee is entitled to possession, may not maintain an action of forcible detainer against one in possession.

*See Illinois Notes Digest, Vols. XI to XV, and. Cumulative Quarterly, same topic and section number.